IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Elvis Holland,<br><br>  Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>  Respondents. | No. CV-15-00361-PHX-PGR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, SENIOR U.S. DISTRICT JUDGE:

William Elvis Holland filed a Petition for Writ of Habeas Corpus, challenging his convictions in the Maricopa County Superior Court on three counts of sexual conduct with a minor. Respondents claim the Petition should be dismissed because it is untimely and because the claims are either unexhausted or procedurally barred. As described below, the Court recommends that Holland's Amended Petition be denied and dismissed with prejudice.

## BACKGROUND

On March 18, 2009, a jury in the Maricopa County Superior Court found William Elvis Holland guilty on two counts of attempted sexual conduct with a minor and one count of molestation of a child. (Doc. 10, Ex. C)  The Court subsequently sentenced Holland to 17 years in prison to be followed by lifetime probation. (Doc. 10, Ex. D)

Holland timely appealed. (Doc. 10, Exs. E, F)  His attorney found no arguable issues and filed a brief with the Arizona Court of Appeals in accordance with *Anders v.*

*California*, 386 U.S. 738 (1967).  (Doc. 10, Ex. G)  His attorney also requested that Holland be permitted to file a supplemental brief on his own behalf.  (Doc. 10, Ex. H)  Holland did not do so.  The Arizona Court of Appeals affirmed Holland's convictions.  (Doc. 10, Ex. I)  Specifically, the Court of Appeals found that the Superior Court's instructions for the jury to disregard the statements made by a witness regarding events that occurred in Alaska ("Alaska Testimony") was not a fundamental error.  *Id.*  The Court reasoned that, in light of testimony by the victim and by Holland, the verdict would not have been different if the jury had not heard the Alaska testimony.  *Id.*  The Court did not review any other part of the trial for fundamental error.  Holland did not move for reconsideration and did not petition to the Arizona Supreme Court for review.  (Doc. 10, Ex. K)  The Court of Appeals issued its order and mandate on May 13, 2010.  (Doc. 10, Ex. J)

On June 24, 2010, Holland filed a Notice of Post-Conviction Relief in Maricopa County Superior Court.  (Doc. 10, Ex. L)  Holland was appointed counsel who subsequently notified the Court that there were no viable issues under Rule 32 and then requested, and received, an extension to allow Holland to file a *pro per* Petition.  (Doc. 10, Exs. P, Q, R)  As relevant here, the Petition argued that (1) the admission of the Alaska Testimony denied Holland a fair trial; (2) Holland was prejudiced when the Superior Court allowed the trial to continue after it appeared that a witness was attempting to coach the victim through her testimony ("Coached Testimony"); (3) a witness should have been precluded because her testimony was not timely disclosed ("Untimely Witness Testimony"); (4) Holland received ineffective assistance of trial and appellate counsel because his attorneys did not argue that the Coached Testimony was prejudicial.  (Doc. 10, Ex. S)

After his Petition was fully briefed, the Superior Court denied Holland's Petition.  (Doc. 10, Exs. T, U, V)  Specifically, the Court found that the Alaska Testimony claim was precluded by Arizona Rule of Criminal Procedure 32.2(a)(2) because the claim was raised on appeal to the Arizona Court of Appeals where it was "adjudicated on the merits

1  against Holland," the Coached Testimony and the Untimely Testimony claims were precluded by Arizona Rule of Criminal Procedure 32.2(a)(3) because Holland "failed to raise the issues on [direct] appeal," and that Holland did not "set forth a colorable claim of ineffective assistance of counsel." (Doc. 10, Ex. V)

Holland then timely petitioned the Arizona Court of Appeals for review. (Doc. 10, Ex. W) At the completion of briefing, the Court of Appeals denied his petition for review on January 31, 2014. (Doc. 10, Exs. X, Y, Z) Holland did not appeal that denial to the Arizona Supreme Court. (Doc. 10, Ex. AA)

On February 27, 2015, Holland filed his first Petition for Writ of Habeas Corpus in this Court which was dismissed without prejudice and with leave to amend because he had used the full name of the minor victim. (Docs. 1, 4) On April 24, 2015, Holland filed his Amended Petition (Doc. 5) Respondents contend that his Amended Petition is untimely and not entitled to equitable tolling, and that Holland's claims are unexhausted and procedurally defaulted. (Doc. 10)

## ANALYSIS

Respondents' first argument is that Holland's Amended Petition is untimely and should be dismissed. As described below, the Court finds that Holland's Amended Petition relates back to his timely filed first Petition. Accordingly, this argument is not well taken.

<u>Timeliness of Petition</u>. A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).

On May 13, 2010, the Arizona Court of Appeals issued its mandate in Holland's direct appeal. (Doc. 10, Ex. J) Holland then had 35 days, until June 17, 2010, to timely

1  initiate post-conviction relief.  Ariz. R. Crim. P. 32.4(a); *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388, 1389 (1978).  Instead, Holland did not file his notice of post-conviction relief until June 24, 2010, seven days after the deadline.  (Doc 10, Ex. L)  *Isley v. Ariz. Dept. of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice.")  This means that the one-year period of limitations ran for seven days.

Thereafter, the period of limitations remained tolled until the Court of Appeals denied Holland's petition for review from the Superior Court's denial of his petition for post-conviction relief on Friday, January 31, 2014.  (Doc. 10, Ex. Z)  On the following Monday, February 3, 2014, the time period began for Holland to file a petition for review with the Arizona Supreme Court and it ended 35 days later on March 10, 2014.  Ariz. R. Crim. P. 1.3(a), 31.19(a).  *See also State v. Rabun*, 162 Ariz. 261, 782 P.2d 737 (1989) (applying Rule 1.3(a) to Rule 31.3 deadline for notices of appeal); *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Rule 1.3(a) to Rule 32.9(c) deadline for petition for review from denial of motion for rehearing in PCR proceeding); and *State v. Zuniga*, 163 Ariz. 105, 786 P.3d 956 (1990) (citing applying Rule 1.3 to time for notice of appeal delivered to attorneys' courthouse internal mailbox).

Holland did not file anything with the Arizona Supreme Court and so his one year clock began again on March 10, 2014.  Because Holland had already used seven days of his one year clock, he only had 358 days remaining.  Thus, he had to file his Habeas Petition in this Court by March 3, 2015.  He did, but his first Petition was dismissed without prejudice and with leave to amend so that Holland could edit out the victim's name.  (Docs. 1, 4)  He then filed his Amended Petition on April 24, 2015.  (Doc. 5)  Because both of Holland's Petitions "state claims that are tied to a common core of operative facts, relation back will be in order."  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  Thus, his Amended Petition relates back to his first Petition and so the claims in the Amended Petition are timely.

- 4 -

However, even though Holland's Amended Petition is timely, most of the claims were not exhausted or are subject to a procedural bar and, therefore, cannot be reviewed on the merits.

Exhaustion. A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

Procedural Bars. A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100.

An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

1   This Court can review a procedurally defaulted claim if the petitioner can
2   demonstrate either cause for the default and actual prejudice to excuse the default, or a
3   miscarriage of justice.  28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321
4   (1995); *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986);
5   *United States v. Frady*, 456 U.S. 152, 167-68 (1982).

6   *Alaska Testimony*.  Holland's Amended Petition argues that the Alaska Testimony
7   violated the Sixth and Fourteenth Amendments.  Although Holland never raised this (or
8   any other) claim in his direct appeal, the Arizona Court of Appeals did address the Alaska
9   Testimony on state law grounds.  (Doc. 10, Ex. I)  However, Holland did not raise the
10  federal nature of the Alaska Testimony claim in state court and so this claim is not
11  exhausted for purposes of Holland's Amended Petition.  *Gray*, 518 U.S. at 162-63 (citing
12  *Picard v. Connor*, 404 U.S. 270 (1971)) ("for purposes of exhausting state remedies, a
13  claim for relief in habeas corpus must include reference to a specific federal
14  constitutional guarantee, as well as a statement of the facts that entitle the petitioner to
15  relief").  Moreover, the Alaska Testimony claim is now subject to an implied procedural
16  bar because no state remedies remain available to Holland.

17  *Coached Testimony.*  Holland's first claim, that the admission of the Coached
18  Testimony violated the Sixth and Fourteenth Amendment, is subject to an express
19  procedural bar.  In its review of Holland's Petition of Post-Conviction Relief, the
20  Superior Court found that this claim was precluded by Arizona Rule of Criminal
21  Procedure 32.3(a)(3), because it should have been raised on direct appeal.  (Doc. 10, Ex.
22  V)  Since the Superior Court dismissed this claim based on a procedural bar "that is both
23  'independent' of the merits of the federal claim and an 'adequate' basis for the Court's
24  decision," Holland's Coached Testimony claim is subject to an express procedural bar.
25  *Harris*, 489 U.S. at 260.

26  *Untimely Witness Testimony*.  Holland's Amended Petition argues that the
27  Untimely Witness provided testimony that was inconclusive and only based on her own
28  opinion.  In his Petition for Post-Conviction Relief, Holland only raised the question of

when this witness' testimony was disclosed and he did not challenge the substance of her testimony. Since the issue raised in the Amended Petition was not raised in State Court, the claim is unexhausted because Holland did not properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. 843-45. The Untimely Witness Testimony is also subject to an implied procedural bar because if Holland were to return to state court to address it, the claim would be precluded since he could have raised it on appeal but did not. Ariz. R. Crim. P. 32.2(a)(3).

A close review of Holland's Amended Petition shows that he has not demonstrated either cause or actual prejudice to excuse the default nor has he presented any evidence that would prove a miscarriage of justice. (Doc. 5) Accordingly, Holland cannot overcome the procedural default for these three claims.

<u>Ineffective Assistance of Counsel.</u> Holland's final two claims are that he received ineffective assistance of appellate and post-conviction claims. Neither of these claims is well taken. First, although Holland has claimed that he received ineffective assistance of post-conviction counsel, he cannot do so because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). *See also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.").

Although Respondents did not address Holland's claim of ineffective assistance of appellate counsel, the Court has concluded that this claim is also without merit. Holland claims that filing an *Anders* brief was ineffective assistance of counsel because counsel did not raise the Coached Testimony claim. The Court notes that Holland did not raise the Coached Testimony claim in a *pro per* brief on direct appeal and the Arizona Court of Appeals did not consider it as a possible fundamental error.

Holland's claim for ineffective assistance of appellate counsel fails because an *Anders* brief, without more, is not enough to establish that Holland received ineffective

assistance of counsel. *Anders*, 386 U.S. at 744-45; *United States v. Garcia*, 232 F.3d 897, n.3 (9th Cir. 2000) ("To the extent that Garcia contends he received ineffective assistance of counsel on appeal because counsel did not raise these issues and instead filed an *Anders* brief, this contention is meritless because counsel was not ineffective for failing to raise these meritless claims.")

**IT IS THEREFORE RECOMMENDED** that William Elvis Holland's Amended Petition for writ of habeas corpus be **denied and dismissed with prejudice.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

. . .

. . .

. . .

1 order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule
2 72, Federal Rules of Civil Procedure.
3     Dated this 16th day of December, 2015.

David K. Duncan
United States Magistrate Judge